# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>    **Kimberly S. Cronogue**<br><br><br><br>                  Debtor(s). | Case No. **12-21309**<br><br>CHAPTER 13 PLAN<br><br>__ Original      **X**  AMENDED<br><br>Date:  **February 28, 2013** |

**I.  Introduction:**

A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
  **X**  Yes
  ____  No

B. Means Test Result. Debtor is (check one):
  ____  a below median income debtor
  **X**  an above median income debtor with positive monthly disposable income
  ____  an above median income debtor with negative monthly disposable income

**1I.  Plan Payments:**

No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:

A. AMOUNT: $ **1,087.50**

B. FREQUENCY (check one):
  ____  Monthly
  **X**  Twice per month
  ____  Every two weeks
  ____  Weekly

C. TAX REFUNDS: Debtor (check one): **X** COMMITS; __ DOES NOT COMMIT; all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.

D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.

E. OTHER:

**III.  Plan Duration:**

The intended length of the plan is **60** months, and may be extended up to 60 months after the first payment is due if necessary for completion. The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1322(d) and 1325(b)(4).

**IV.  Distribution of Plan Payments:**

Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:
  1. Trustee. The percentage set pursuant to 28 USC §586(e).
  2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
  3. Attorney's Fees: Pre-confirmation attorney fees and costs shall not exceed $ **3,500.00** . $ **2,200.00** was paid prior to filing. To the extent pre-confirmation fees and costs exceed $3,500, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days of confirmation.

  Approved pre-confirmation fees shall be paid as follows (check one):
    a. **X** Prior to all creditors;
    b. __ Monthly payments of $__;
    c. __ All remaining funds available after designated monthly payments to the following creditors: __.
    d. __ Other: __
    If no selection is made, fees will be paid after monthly payments specified in Paragraphs IV. B and IV. C.

[Local Bankruptcy Form 13-4, eff. 12/1/11]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                     Best Case Bankruptcy

B. **CURRENT DOMESTIC SUPPORT OBLIGATION:** Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| Creditor | Monthly amount |
|---|---|
| -NONE- | $ |

C. **SECURED CLAIMS:** Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holing long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. Value of collateral stated in the proof of claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

**Only creditors holding allowed secured claims specified below will receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
| | | | Single Family Residence: | |
| | | | 13311 NE 74th Street Redmond, WA 98052 | |
| | | | 2012 Tax Assessed Value $241,000 Less cost of sale $ 19,280 Adjusted FMV | |
| 1 | Franklin Credit Mtg Corp | First Mortgage | $221,720 | $ 2,004.99 |

2. Continuing Payments on Claims Secured by Other Real Property (Per annum interest as set forth below):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
| | -NONE- | | | $ | |

3. Cure Payments on Mortgage/Deed of Trust/Property Tax Arrearage (If there is a property tax arrearage, also provide for postpetition property tax holding account at Section XII):

| Rank | Periodic Payment | Creditor | Property | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| | $ | -NONE- | | $ | % |

4. Payments on Claims Secured by Personal Property:

   a. **910 Collateral.**

The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the petition or in other personal property acquired within **one year** preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the

[Local Bankruptcy Form 13-4, eff. 12/1/11]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|------|------|------|------|------|------|
| _____ | $ _____ | -NONE- | | $ _____ | _____ % |

    b.   **Non-910 Collateral.**

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|------|------|------|------|------|------|------|
| _____ | $ _____ | -NONE- | $ _____ | | $ _____ | _____ % |

    D.  PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

    E.  NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

        1.  Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage to be Paid | Reason for Special Classification |
|------|------|------|------|------|
| _____ | -NONE- | $ _____ | _____ % | _____ |

        2.  Other Nonpriority Unsecured Claims (check one):
           a.   **X**  100% paid to allowed nonpriority unsecured claims. **OR**
           b.  _____ Debtor shall pay at least $ ___ to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately ___% of their allowed claims.

**V.  Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|------|------|
| -NONE- | |

**VI. Executory Contracts and Leases:**
The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Section IV.E.2.

| Contract/Lease | Assumed or Rejected |
|------|------|
| Net 10 Wireless | Assumed |

**VII.Payments to be made by Debtor and not by the Trustee:**
The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party)

    A.  DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be

[Local Bankruptcy Form 13-4, eff. 12/1/11]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com         Best Case Bankruptcy

paid directly by the debtor as follows:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| -NONE- | $ | $ |

B.   OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| Green Tree Mortgage | First mortgage on Condo | $  84,940.44 | $  804.00 |

**VIII.     Revestment of Property:**

Unless otherwise provided in Section XII, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the debtor, except that earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge. The debtor shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

**IX.  Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**

The liquidation value of the estate is $  9988.54 . In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less.  Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of   .16   % per annum from the petition filing date (no interest shall be paid if left blank).

**X.  Other Plan Provisions:**

A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.

B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

C. The holder of a secured claim shall file and serve on the Trustee, debtor and debtor's counsel a notice itemizing all fees, expenses or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed , and (2) that the holder asserts are recoverable against the debtor or the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses or charges are incurred, per Fed. R. Bankr. P. 3002.1(c).

D. Mortgage creditors shall file and serve on the Trustee, debtor and debtor's counsel a notice of any change in the regular monthly payment amount, including any change that results from an interest rate or escrow adjustment, no later than 21 days before a payment in the new amount is due, per Fed. R. Bankr. P. 3002.1(b).

E. Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.

**XI.  Certification:**

A.   The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).

B.   By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

**XII. Additional Case-Specific Provisions:** (must be separately numbered)

**Debtor is actively in loan modification process with Franklin Credit to modify the mortgage on the residence.  If loan modification is not approved, then Debtor will amend the plan to include mortage arrearage payments in the plan by July 1, 2013.**

| /s/ | /s/ | xxx-xx-6661 | February 28, 2013 |
|---|---|---|---|
| **Michelle C. Kaplan** | **Kimberly S. Cronogue** | Last 4 digits SS# | Date |
| Attorney for Debtor(s) | DEBTOR | | |

| **February 28, 2013** | | | |
|---|---|---|---|
| Date | DEBTOR | Last 4 digits SS# | Date |

[Local Bankruptcy Form 13-4, eff. 12/1/11]

.

In re   **Kimberly S. Cronogue**                     ,       Case No.    **12-21309**

Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash** | - | 36.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account: Checking Location: Banner Bank Everett, WA. 2531 Colby, Ave. Everett, WA. 98201** | - | 500.00 |
| | | | **Checking Account: Checking Location: Chase 2628 Colby Ave. Everett, WA. 98201** | - | 2,300.00 |
| | | | **Checking Account: Checking Location: US Bank 1702 Hewitt Ave. Everett, WA. 98201** | - | 50.00 |
| | | | **Checking Account: checking Location: Bank of America 10623 NE 68th Street, Kirkland, Wa. 98033** | - | 5.00 |
| | | | **Other: checking and savings Location: Bank of America 10623 NE 68th Street Kirkland, WA.98033** | - | 2.00 |
| | | | **Checking Account: Savings/checking Location: Snohomish County Credit Union, 3130 Rockefeller Ave. Everett, WA. 98201** | - | 200.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Furniture: Living Room furniture- 4 chairs, couch, Bedroom furniture- 1 Bed, 5 dressers Kitchen Table, 6 chairs, 5 Bookcases, 3 china cabinets, Location: Debtor's residence** | - | 1,500.00 |
| | | | **Appliances: 10 Lamps 2 microwave ovens, fridge, stove, washer and dryer,2 food processors, Location: Debtor's Residence** | - | 500.00 |

Sub-Total >     **5,093.00**

(Total of this page)

___**3**___   continuation sheets attached to the Schedule of Personal Property

In re __Kimberly S. Cronogue__ ,    Case No. __12-21309__

Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Household: Kitchenware,basic silverware,plates, glasses bowls,cups** Location: Debtor's Residence | - | 500.00 |
| | | **Office: Desk computer** Location: Debtor's residence | - | 200.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books-Music: Small very old electric organ and small newer keyboard** lots of books Location: Debtor's residence | - | 500.00 |
| 6. Wearing apparel. | | **Clothes: Business and casual attire** Location: Debtor's residence | - | 500.00 |
| 7. Furs and jewelry. | | **Jewelry: Costume jewelry** Location: Debtor's residence | - | 250.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Sports-Hobby: Badminton set Baseball bats,water color pads and paper, pens, brushes, a few tools-saw, hammers, sanders,drill** Location: Debtor's residence | - | 200.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Retirement: Nationwide Retirement Account** Nationwide Reitrement Solutions, PO Box 18297, Columbus, Ohio 43218-2797 | - | 257.26 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

Sub-Total >    **2,407.26**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

In re    **Kimberly S. Cronogue**                                    ,    Case No.    **12-21309**
                                               Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1995 Dodge Neon KBB Good condition Location:  Debtor's residence** | - | 1,624.00 |

Sub-Total >        **1,624.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Best Case Bankruptcy

In re   **Kimberly S. Cronogue**            ,     Case No.   **12-21309**

                         Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Auto: 1997 Mercury Villager Van Ford 182026 looks and drives ok**<br>**Location: Debtor's residence** | - | **1,200.00** |
| | | **Auto: 1993 Mercury Villager Van Ford 168648 looks and drives ok**<br>**Location: Debtor's residence** | - | **1,000.00** |
| | | **Auto: 1996 Dodge Neon 142146 old beater drives ok**<br>**Location: Debtor's residence** | - | **1,000.00** |
| | | **Auto: 1975 Volkswagon Beetle 100,000 does not drive, in need of much repair**<br>**Location: Debtor's residence** | - | **200.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **Animals: 2 Cats, 2 Dogs, 2 cockatiels**<br>**Location: Debtor's residence** | - | **0.00** |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Funds Garnished by Bishop White** | - | **7,786.14** |

|  |  |
|---|---|
| Sub-Total > | **11,186.14** |
| (Total of this page) | |
| Total > | **20,310.40** |

Sheet  **3**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re   **Kimberly S. Cronogue**                 ,     Case No.   **12-21309**

Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)        $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)        *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Single Family Residence:** | **11 U.S.C. § 522(d)(1)** | **0.00** | **221,720.00** |
| **13311 NE 74th Street** | | | |
| **Redmond, WA 98052** | | | |
| **2012 Tax Assessed Value    $241,000** | | | |
| **Less cost of sale    $ 19,280** | | | |
| **Adjusted FMV    $221,720** | | | |
| **2-bedroom Condo located 4 blocks from Debtor's house.  Debtor's father lives here and Debtor splits her time equally between the house and the condo.  She receives mail at both addresses and considers both her home.** | **11 U.S.C. § 522(d)(5)** | **7,308.00** | **101,200.00** |
| **13759 NE 69th Street, #661** | | | |
| **Redmond, WA 98052** | | | |
| **BPO    $110,000** | | | |
| **Less cost of sale    $ 8,800** | | | |
| **Adjusted FMV    $101,200** | | | |
| **Cash on Hand** | | | |
| **Cash** | **11 U.S.C. § 522(d)(5)** | **36.00** | **36.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account: Checking** | **11 U.S.C. § 522(d)(5)** | **500.00** | **500.00** |
| **Location: Banner Bank Everett, WA. 2531 Colby, Ave. Everett, WA. 98201** | | | |
| **Checking Account: Checking** | **11 U.S.C. § 522(d)(5)** | **2,300.00** | **2,300.00** |
| **Location: Chase 2628 Colby Ave. Everett, WA. 98201** | | | |
| **Checking Account: Checking** | **11 U.S.C. § 522(d)(5)** | **50.00** | **50.00** |
| **Location: US Bank 1702 Hewitt Ave. Everett, WA. 98201** | | | |
| **Checking Account: checking** | **11 U.S.C. § 522(d)(5)** | **5.00** | **5.00** |
| **Location: Bank of America 10623 NE 68th Street, Kirkland, Wa. 98033** | | | |
| **Other: checking and savings** | **11 U.S.C. § 522(d)(5)** | **2.00** | **2.00** |
| **Location: Bank of America 10623 NE 68th Street Kirkland, WA.98033** | | | |
| **Checking Account: Savings/checking** | **11 U.S.C. § 522(d)(5)** | **200.00** | **200.00** |
| **Location: Snohomish County Credit Union, 3130 Rockefeller Ave. Everett, WA. 98201** | | | |

___**2**___   continuation sheets attached to Schedule of Property Claimed as Exempt

In re    **Kimberly S. Cronogue**                 ,    Case No.    **12-21309**

Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings** <br> **Furniture: Living Room furniture-** <br> **4 chairs, couch,** <br> **Bedroom furniture- 1 Bed, 5 dressers** <br> **Kitchen Table, 6 chairs, 5 Bookcases,** <br> **3 china cabinets,** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(3) | 1,500.00 | 1,500.00 |
| **Appliances: 10 Lamps 2 microwave ovens,** <br> **fridge, stove, washer and dryer,2 food** <br> **processors,** <br> **Location: Debtor's Residence** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Household: Kitchenware,basic** <br> **silverware,plates, glasses bowls,cups** <br> **Location: Debtor's Residence** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Office: Desk computer** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(3) | 200.00 | 200.00 |
| **Books, Pictures and Other Art Objects; Collectibles** <br> **Books-Music: Small very old electric organ and** <br> **small newer keyboard** <br> **lots of books** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Wearing Apparel** <br> **Clothes: Business and casual attire** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** <br> **Jewelry: Costume jewelry** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(4) | 250.00 | 250.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** <br> **Sports-Hobby: Badminton set Baseball** <br> **bats,water color pads and paper, pens,** <br> **brushes, a few tools- saw, hammers,** <br> **sanders,drill** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(3) | 200.00 | 200.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** <br> **Retirement: Nationwide Retirement Account** <br> **Nationwide Reitrement Solutions, PO Box** <br> **18297, Columbus, Ohio 43218-2797** | 11 U.S.C. § 522(d)(12) | 251.06 | 257.26 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** <br> **1995 Dodge Neon KBB Good condition** <br> **Location:  Debtor's residence** | 11 U.S.C. § 522(d)(2) | 1,624.00 | 1,624.00 |
| **Auto: 1997 Mercury Villager Van Ford 182026** <br> **looks and drives ok** <br> **Location: Debtor's residence** | 11 U.S.C. § 522(d)(2) | 1,200.00 | 1,200.00 |

Sheet   **1**   of   **2**   continuation sheets attached to the Schedule of Property Claimed as Exempt

In re    **Kimberly S. Cronogue**                               ,      Case No.    **12-21309**

Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Auto: 1993 Mercury Villager Van Ford 168648 looks and drives ok** <br> **Location: Debtor's residence** | **11 U.S.C. § 522(d)(2)** <br> **11 U.S.C. § 522(d)(5)** | **626.00** <br> **374.00** | **1,000.00** |
| **Auto: 1996 Dodge Neon 142146 old beater drives ok** <br> **Location: Debtor's residence** | **11 U.S.C. § 522(d)(5)** | **1,000.00** | **1,000.00** |
| **Auto: 1975 Volkswagon Beetle 100,000 does not drive, in need of much repair** <br> **Location: Debtor's residence** | **11 U.S.C. § 522(d)(5)** | **200.00** | **200.00** |

| | Total: | **19,826.06** | **335,444.26** |
|---|---|---|---|

Sheet   **2**   of   **2**   continuation sheets attached to the Schedule of Property Claimed as Exempt

In re   **Kimberly S. Cronogue**                                    Case No.   **12-21309**
                                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Real Property Coordinator** | |
| Name of Employer | **Snohomish County Public Works** | |
| How long employed | **24 Years, 11 Months** | |
| Address of Employer | **3000 Rockefeller** **Everett, WA 98201** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **5,080.94** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **5,080.94** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **765.76** | $ **N/A** |
| b. Insurance | $ **0.00** | $ **N/A** |
| c. Union dues | $ **50.10** | $ **N/A** |
| d. Other (Specify)    **See Detailed Income Attachment** | $ **392.39** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,208.25** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **3,872.69** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **1,020.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **N/A** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income (Specify):    **Disability Insurance payments** | $ **1,644.80** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **2,664.80** | $ **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **6,537.49** | $ **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **6,537.49** | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

B6I (Official Form 6I) (12/07)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**The income from real property is broken down as follows: $800 from tenants in her House and $220 from her dad paying the HOA dues on the Condo that he lives in.**

**Employer Snohomish County Public Works, Change: As long as she stays healthy she will be working more hours. The Debtor's Disability Insurance policy guarantees her $3,000 a month in the event she cannot work. Based on the means-test, she received $1,644.80 a month in disability payments. If she receives disability payments, that supplements the decrease in her salaried income because she was not able to work.**

In re **Kimberly S. Cronogue**                                   Case No.   **12-21309**

                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---|---|
| **Aflac Accident** | $                 **9.60** | $          **N/A** |
| **parking** | $               **70.00** | $          **N/A** |
| **Retirement** | $             **233.69** | $          **N/A** |
| **Disability Ins.** | $               **79.10** | $          **N/A** |
| **Total Other Payroll Deductions** | $             **392.39** | $          **N/A** |

B6J (Official Form 6J) (12/07)
In re   **Kimberly S. Cronogue**                             Case No.   **12-21309**
                                  Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 800.00 |
| a. Are real estate taxes included? | Yes **X**    No ___ | | |
| b. Is property insurance included? | Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 200.00 |
|                 b. Water and sewer | | $ | 125.00 |
|                 c. Telephone | | $ | 125.00 |
|                 d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 100.00 |
| 4. Food | | $ | 150.00 |
| 5. Clothing | | $ | 20.00 |
| 6. Laundry and dry cleaning | | $ | 20.00 |
| 7. Medical and dental expenses | | $ | 20.00 |
| 8. Transportation (not including car payments) | | $ | 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 20.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|                 a. Homeowner's or renter's | | $ | 0.00 |
|                 b. Life | | $ | 0.00 |
|                 c. Health | | $ | 0.00 |
|                 d. Auto | | $ | 0.00 |
|                 e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
|            (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|                 a. Auto | | $ | 0.00 |
|                 b. Other | | $ | 0.00 |
|                 c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other | | $ | 0.00 |
|       Other | | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | 1,980.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | | |
|---|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | | |
| a.   Average monthly income from Line 15 of Schedule I | | $ | 6,537.49 |
| b.   Average monthly expenses from Line 18 above | | $ | 1,980.00 |
| c.   Monthly net income (a. minus b.) | | $ | 4,557.49 |